UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ZAKIR HOSSAIN RINKO ,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondent.

_____/

Case No. 1:26-cv-1265

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.  **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner. (Pet., ECF No. 1, PageID.21.)

In an Order entered on April 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on April 28, 2026, (ECF No. 6), and a recording of the February 6, 2026, bond hearing on April 28, 2026. (Recording

of Feb. 67, 2026, Bond Hearing, filed on Apr. 28, 2026.) On the same day, Petitioner filed his reply (ECF No. 6).

## II.    Factual Background

Petitioner is a native and citizen of Bangladesh. (Pet., ECF No. 1, PageID.8.)

On January 13, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Rinko v. Raycraft* (*Rinko I*), No. 1:26-cv-121 (W.D. Mich.). In *Rinko I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Rinko I*, (W.D. Mich. Feb. 2, 2026), (ECF Nos. 6, 7.).

On February 6, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 1-2, PageID.25.) On that same day, the immigration judge issued an order denying bond. (*Id.*) The Order of the Immigration Judge specifically states:

> Denied because[:]
>
> [Petitioner] did not establish he is not a flight risk. {Petitioner] recently entered the U.S. illegally on October 15, 2024. [Petitioner] presents with limited community ties, and no known family or property ties to the U.S. The length and nature of [Petitioner's] relationship with his listed sponsor is unknown beyond that the sponsor is a friend. Thus, the Court has concerns with the reliability of the sponsor. Matter of Dobrotvorskii, 29 I&N Dec. 211 (BIA 2025). Upon review, [Petitioner's] Form I-589 remains speculative, especially since [Petitioner's] asylum case would appear to be subject to the Circumvention of Lawful Pathways Bar. Thus, it's not clear there is a probable path for [Petitioner] to remain in the U.S. See Matter of R-A-V-P-, 27 I&N Dec. 803 (BIA 2020).

(*Id.*)

2

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.


Dated:    June 8, 2026                         /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge

4